```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DARRYL SULLIVAN,

                        Plaintiff,           MEMORANDUM AND ORDER
         - against -                         10 Civ. 0038(NRB)

THE CITY OF NEW YORK, POLICE OFFICER
JEFFREY SCALF (shield #28910), DETECTIVE
NOBERTO TIRADO (shield # 6650) and "JOHN
DOE" POLICE OFFICERS 1-10

                        Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Darryl Sullivan ("Plaintiff" or "Sullivan"), now proceeding pro se, brings this action against Police Officer Jeffrey Scalf ("Scalf"), Detective Noberto Tirado ("Tirado"), John Does 1-10, and the City of New York ("City" and together with Tirado and Scalf, "defendants"), asserting claims for false arrest, malicious prosecution, municipal liability, excessive force, assault and battery, and intentional infliction of emotional distress.

Pending before the Court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c). Specifically, defendants assert that: (1) plaintiff fails to state a claim with regard to any cause of action in the complaint; (2) plaintiff failed to comply with the New York General Municipal Law; and (3) defendants Scalf and Norberto are

entitled to qualified immunity. For the reasons set forth below, the motion is granted and the complaint is dismissed in its entirety.

## BACKGROUND[1]

### I. Factual Background

On March 9, 2008, plaintiff was arrested and accused of robbery, assault, grand larceny, menacing and possession of a deadly weapon in connection with an incident that occurred on or around February 10, 2008. Complaint ("Compl.") ¶¶ 13-15. The defendants interrogated the plaintiff and "obtained his statement and alibi." Id. at ¶¶ 17, 21. Plaintiff contends that "defendants were provided with exculpatory evidence" and knew or should have known that plaintiff was not guilty of the charges against him. Id. at ¶¶ 17-22.

On March 17, 2008, a grand jury indicted plaintiff on eleven counts. See Indictment in the Matter of People of the State of New York v. Darryl Sullivan, Silverberg Decl. Ex. F).[2] Plaintiff was thereafter incarcerated for approximately ten months, until all criminal charges against him were dismissed on February 11, 2009. (Id. at ¶¶ 20, 26.)

---

[1] The following facts are drawn from the Complaint and are presumed to be true for purposes of this motion.
[2] The exhibit is a publicly available record, of which the Court takes judicial notice. See, e.g., Niagra Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124 n. 12 (2d Cir. 2010) (noting the court's inherent power to take judicial notice of public records).

**II.  Procedural History**

Plaintiff commenced this action, with the representation of counsel, on December 31, 2009.  Plaintiff's counsel subsequently moved to withdraw his representation, and we granted his motion on June 1, 2010.  Plaintiff has proceeded pro se since that time.

The parties appeared before this Court for a status conference on October 4, 2010. Thereafter, on December 23, 2010, defendants filed a motion to dismiss based on plaintiff's alleged failure to prosecute his claims.  Plaintiff requested a 30 day extension of time to respond to defendants' motion, which was approved with the caveat that no further extensions would be granted.  Nonetheless, after plaintiff failed to oppose defendants' motion by the February 11, 2011 deadline, and despite the earlier warning, this Court allowed "one final extension until March 11, 2011 to respond to defendants' motion to dismiss for failure to prosecute this case and failure to comply with the Court's orders."  On March 11, 2011, plaintiff filed an opposition but did not address the merits of defendants' motion.  Instead, plaintiff merely re-alleged the factual allegations contained in the complaint.

By letter dated March 25, 2011, defendants requested leave to file a motion to dismiss this case pursuant to Rule 12(c).

To avoid an unnecessary round of motion practice, the Court allowed plaintiff the opportunity to amend his complaint within fourteen days, and stated that, "having been afforded this opportunity, plaintiff should not anticipate being granted further opportunity to amend, should the court find that there is merit in some or all of defendants' arguments."  Letter from the Court to plaintiff, dated March 30, 2011.  Plaintiff did not file an amended complaint or otherwise respond to defendants' motion to dismiss.

## DISCUSSION

**I.   Standard of Review**

   **A.   Rule 12(c)**

The standard for evaluating a motion to dismiss pursuant to Rule 12(c) is the same standard for a motion to dismiss under Rule 12(b)(6). Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005).  Accordingly, the Court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor. Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

A complaint must include "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Where a plaintiff has not "nudged [his] claims across the line from conceivable to

4

plausible, [his] complaint must be dismissed." Id. This pleading standard applies in "all civil actions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953, (2009). Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

In evaluating a motion to dismiss, the Court may only consider the "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

### B. 42 U.S.C. § 1983

To maintain a section 1983 action, a plaintiff must allege two essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law."  Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities, secured by the Constitution or laws of the United States."  Id. (internal citation omitted).

We address each of plaintiff's claims seriatim.

## II. Analysis

### A. False Arrest

A claim for false arrest under Section 1983 arises out of the Fourth Amendment right to be free from unreasonable seizures, "which includes the right to remain free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). In this Circuit, courts analyze such allegations using the applicable tort law of the state in which the arrest occurred.  See Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004) (collecting cases).

To establish a cause of action for false arrest or false imprisonment, the plaintiff must demonstrate that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Boose v. City of Rochester, 421 N.Y.S.2d 740, 745, 71 A.D.2d 59, 64 (4th Dep't 1979) (citations omitted).  The existence of probable cause is a complete defense to a false arrest claim.  Jaegly, 439 F.3d at 152.  An officer has probable cause for an arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

6

The probable cause inquiry focuses on the information available to the officer at the time of arrest; an officer's subjective intent is irrelevant. Devenpeck v. Alford, 543 U.S. 146, 152–53, (2004). Interpreting Devenpeck, the Second Circuit has held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly, 439 F.3d at 154. The propriety of the arrest turns on the existence of facts and circumstances sufficient to believe that a criminal offense has been or is being committed, and not on the validity of any charges brought subsequent to the arrest or on the officer's subjective rationale for the arrest. Id.

Plaintiff's false arrest claim is based on his assertion that the defendants were provided with "exculpatory evidence" and thus knew or should have known that plaintiff was not guilty of the charges against him. Yet while plaintiff alleges that he provided the police an alibi, he does not provide any further detail to demonstrate that his alibi was valid or constituted "exculpatory evidence" that the police wrongfully ignored. For example, plaintiff does not allege that the charges against him were ultimately dismissed because the court determined that he had a valid alibi defense. Nor does plaintiff allege that the

7

police had other types of exculpatory evidence.  There is thus no basis upon which to infer that the arrest was not supported by probable cause.  See Kilburn v. Village of Saranac Lake, 413 Fed.Appx. 362, 364 (2d Cir. Mar. 09, 2011) (summary order) ("[A]n officer need not 'explore and eliminate every theoretically plausible claim of innocence' or 'prove plaintiff's version wrong' before arresting him, even if 'an investigation might have cast doubt upon the basis for the arrest.'" (quoting Curley v. Village of Suffern, 368 F.3d 65, 70 (2d Cir. 2001) (internal quotation marks omtited); Gisondi v. Harrison, 72 N.Y.2d 280, 285 (1998) ("The police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate.").  Without specific allegations concerning the exculpatory evidence had by the police, there is no reasonable basis to infer that the police lacked probable cause at the time of arrest.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (emphasis added).  Accordingly, plaintiff fails to plead sufficient facts to support his false arrest claim, and the claim is therefore dismissed.[3]

---

[3] Finally, we note that, to the limited extent that the complaint asserts a false arrest claim, it does so only in a conclusory manner. See, e.g., Compl. ¶ 15 ("[D]efendants wrongly accused plaintiff of . . . [various charges stemming from an incident on February 10, 2008."); id. at ¶¶ 18, 19 ("[The] defendants knew [or should have know] that plaintiff was not guilty of the aforesaid charges."); id. at ¶ 22 ("[The] defendants were provided with exculpatory evidence and willfully and recklessly ignored such

**B. Excessive Force**

To prevail on a Fourth Amendment excessive force claim, a plaintiff must show that the amount of force used by police was "objectively unreasonable in light of the facts and circumstances confronting [the officers], without regard to [their] underlying intent or motivation." Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)) (internal quotations omitted). Officers' actions are not to be judged in hindsight, but from the perspective of a reasonable officer on the scene.  Id. To this end, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and officers may need to use some degree of force in the course of an arrest, particularly where they are forced to make split-second judgments in tense or dangerous situations.  Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) (internal quotations and citations omitted).  See also Jones, 465 F.3d at 61. However, "[i]f the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe." Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987).

---

evidence."). Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.  Iqbal, 129 S. Ct. at 1949.

9

Plaintiff alleges that he was subjected to assault, battery and excessive force. Compl. ¶ 14. However, the only force that plaintiff alleges was exerted upon him is that he was handcuffed. Standing alone, even tight handcuffing -- which plaintiff does not allege -- is insufficient to support an excessive force claim. Suspects, of course, are routinely handcuffed, and to be effective handcuffs must be tightly secured. Joyner-El v. Giammarella, 2010 WL 1685957, at *6 (S.D.N.Y. 2010) (citing Esmont v. City of New York, 371 F.Supp.2d 202, 214 (E.D.N.Y. 2005) (holding that merely handcuffing a suspect and requiring her to place her hands behind her back is not a constitutional violation)). A line of cases have held that minor injuries that result from tight handcuffs, such as temporary swelling, inflammation or soreness of an arrestee's wrists, are insufficient on their own to sustain a Fourth Amendment excessive force claim. See Drummond v. Castro, 522 F.Supp.2d 667, 679 (S.D.N.Y. 2007) (claim that handcuffs are too tight, in the absence of any other injury, fails to violate Fourth Amendment); Hamlett v. Town of Greenburgh et al., No. 05 CV. 3215 (MDF), 2007 WL 119291, at *3 (S.D.N.Y. Jan. 17, 2003) (allegations of brief numbness from tight handcuffs do not rise to the level necessary to sustain a claim of excessive force). On the other hand, use of restraints in such a way as to cause permanent injury or scarring may

support an excessive force claim. Washpon v. Parr, 561 F.Supp.2d 394, 407 (S.D.N.Y. 2008).

Here, the only force plaintiff alleges was exerted upon him is that he was handcuffed. Without any allegation suggesting that any force was used against plaintiff aside from the constitutionally permissible handcuffing of plaintiff when he was arrested, plaintiff's excessive force claim is dismissed.

### C. Malicious Prosecution

A claim of malicious prosecution requires that a plaintiff allege "(1) that the defendant commenced or continued a criminal proceeding against him; (2) the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (internal citations omitted); Colon v. City of New York, 60 N.Y.2d 78, 82 (1983). Furthermore, in order to allege a Section 1983 claim of malicious prosecution, a plaintiff must assert a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (citing Murphy v. Lynn, 118 F.3d 938, 944–46 (2d Cir. 1997)).

The element of probable cause for malicious prosecution entails essentially the same inquiry as probable cause to

11

arrest, except that the evaluation is made in light of the facts known or believed at the time the prosecution is initiated, rather than at the time of arrest. See Caraballo v. City of New York, No. 05 Civ. 8011 (GEL), 2007 WL 1584202, at *7 (S.D.N.Y. May 31, 2007); Lovelace v. City of New York, No. 02 Civ. 5398 (FB) (JMA), 2005 WL 552387, at *2 (E.D.N.Y. Mar. 9, 2005). Because plaintiff was indicted by a grand jury on the charges underlying his malicious prosecution claim, there arises a presumption of probable cause for plaintiff's prosecution. See Rothstein v. Carriere, 373 F.3d 275, 282-83 (2d Cir. 2003). In order to demonstrate malicious prosecution under such circumstances, plaintiff would have to demonstrate that the indictment was produced by "fraud, perjury, the suppression of evidence by the police or other police conduct undertaken in bad faith." Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000). Yet plaintiff merely reiterates his assertion that defendants were provided with exculpatory evidence such that they should have known that he was not guilty of the charges against him. Plaintiff does not plead sufficient facts to suggest that defendants deliberately falsified their statements in support of a grand jury indictment, had a collateral motive in pursuing plaintiff's prosecution, or otherwise acted in contravention of their duties. Plaintiff's malicious prosecution claim is thus dismissed.

**D. Municipal Liability**

Under section 1983, a municipality can be held liable for its own acts where the conduct complained of (1) was committed by a person acting under color of state law, and (2) deprived a person of rights, privileges, or immunities, secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692-94 (1978) (noting that a municipality cannot be held vicariously liable for the acts of its employees, but it can be held directly liable). A municipality can be held liable for a constitutional injury inflicted pursuant to an official policy, practice, or custom of the municipality, including the failure to train or supervise lower-level employees. Id. at 690-91.

Here, plaintiff appears to set forth a claim of municipal liability grounded in negligent training, hiring and supervising defendant police officers. Compl. ¶ 12. As discussed above, plaintiff has failed to plead a viable constitutional claim. Accordingly, there is no predicate for a Monell claim and therefore it is dismissed.

**E. State Law Claims**

"District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

1367(c). Consequently, "where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998). Having dismissed plaintiff's section 1983 claims, this Court declines to exercise supplemental jurisdiction over any remaining state law claims, which are dismissed without prejudice.[4]

## CONCLUSION

For the foregoing reasons, the motion is granted and the complaint is dismissed in its entirety. The Clerk of the Court is respectfully directed to close the motions at docket numbers 15 and 20.

Dated:  New York, New York
        August 26, 2011

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[4] As for moving defendants' argument that they are protected by the doctrine of qualified immunity, having found – for the reasons set forth above – that plaintiff's claims do not rise to the level of constitutional violations, we need not address this argument.

14

Copies of the foregoing Order have been mailed on this date to the following:

**Pro Se Plaintiff:**
Darryl Sullivan
Plaintiff Pro Se
1075 Grand Concourse # 4L
Bronx, NY 10452

**Attorney for Defendants:**
Steven M Silverberg, Esq.
Office of the Corporation Counsel
Law Department
100 Church Street
New York, NY 10007

15